**Deon Earl DALEY, Appellant**

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY; Bureau of Immigration & Customs Enforcement; Thomas V. Duran.**

No. 07–4266.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 19, 2008.

Filed March 31, 2008.

Deon Earl Daley, McElhattan, PA, pro se.

Stephen R. Cerutti, III, Esq., Harrisburg, PA, for U.S. Department of Homeland Security; Bureau of Immigration & Customs Enforcement; Thomas V. Duran.

---

Before: SLOVITER, BARRY and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Deon Earl Daley appeals from the District Court's order dismissing his petition filed pursuant to 28 U.S.C. § 2241. The procedural history of this case and the details of Daley's claims are well known to the parties, set forth in the District Court's thorough order, and need not be discussed at length. Daley, a citizen of Jamaica, filed a § 2241 petition challenging his removal order and his continued detention. The District Court dismissed the petition. Daley filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir.2002). We agree with the District Court that it did not have jurisdiction over Daley's challenge to his removal order. *See* 8 U.S.C. § 1252(a)(5).[1] As for Daley's challenge to his detention, he was still within the presumptively reasonable six-month post-removal period at the time of the District Court's order. *See Zadvydas v. Davis,* 533 U.S. 678, 701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's October 29, 2007 order. Daley's motion to dismiss is denied.

---

1. On January 8, 2008, this Court denied Daley's petition for review of his removal order. *See Daley v. Attorney Gen.,* 261 Fed.Appx. 421 (3d Cir.2008). Thus, the District Court's decision to dismiss for lack of jurisdiction, rather than transfer the matter to this Court under 28 U.S.C. § 1631, was entirely appropriate.